# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

NO. 23-13706-J

_____

UNITED STATES OF AMERICA,

Prosecution/Appellee,

versus

JOSHUA HERRERA,

Defendant-Appellant.

_____

A DIRECT APPEAL OF A CRIMINAL CASE
FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION
_____

BRIEF OF THE APPELLANT-DEFENDANT

ADAM M. HAMES
Georgia State Bar No. 320498
The Hames Law Firm LLC
511 East Paces Ferry Road, N.E.
Atlanta, Georgia 30305
(404)842-9577
Attorney for Joshua Herrera

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-2(a), the following people and entities have an

interest in the outcome of this appeal:

Anand, Justin S. - -  United States Magistrate Judge

Buchanan, Ryan K. – United States Attorney for the Northern District of Georgia

Cannon, Regina D. -  United States Magistrate Judge

Erskine, Kurt R. -  Former Acting United States Attorney for the Northern District
        of Georgia

French, Jesika W.  – Assistant United States Attorney

Gabay-Smith, Stephanie E. – Assistant United States Attorney

Grimberg, Hon. Steven D.., -  United States District Judge

Hames, Adam,   -  Attorney for Defendant at Sentencing and on Appeal

Herrera, Joshua  -  Appellant/Defendant

Holcomb, Richard B. - Defense counsel prior to trial

Pak, Byung J., - Former United States Attorney

Sanders, Erin - Assistant United States Attorney

Sommerfeld, Lawrence – Assistant United States Attorney on Appeal

Wade, Caitlyn V.  – Defense counsel at trial

Young, Sean J. - Defense counsel at trial

United States of America, Appellee

There are no publicly traded company or any corporations that have an interest in the outcome of the case or appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument as this case involves important constitutional questions regarding the presentation of expert witness testimony. Specifically, Mr. Herrera submits that the District Court committed clear error and abused its discretion in excluding expert testimony that Mr. Herrera had no interest in children sexually.  This evidence was crucial to Mr. Herrera's defense as it was relevant to the *mens rea* requirement and to counter the Government's argument that Mr. Herrera was a child sexual predator.  Mr. Herrera submits that oral argument would be beneficial to the Court's determination.

<u>TABLE OF CONTENTS</u>

<u>Page</u>

<u>CERTIFICATE OF INTERESTED PERSONS</u>................................    i-ii

<u>STATEMENT REGARDING ORAL ARGUMENT</u>........................    ii

<u>TABLE OF CONTENTS</u>....................................................................    iii

<u>TABLE OF AUTHORITIES</u>.............................................................    iv-vi

<u>STATEMENT OF JURISDICTION</u>................................................    vii

<u>STATEMENT OF THE ISSUES</u>.....................................................    1

<u>STATEMENT OF THE CASE</u>.........................................................    1-6

  (i) <u>Course of Proceedings</u>.................................................    1-2

  (ii) <u>Statement of Facts</u>.....................................................    2-5

  (iii) <u>Standard of Review</u>...................................................    6

<u>SUMMARY OF ARGUMENT</u>.........................................................    6

<u>ARGUMENT AND CITATIONS OF AUTHORITY</u>......................    7-22

   I.    THE DISTRICT COURT COMMITTED HARMFUL ERROR BY
        EXCLUDING EXPERT TESTIMONY THAT WAS RELEVANT TO
        THE *MENS REA* ELEMENT OF THE OFFENSE CHARGED.

<u>CONCLUSION</u>.........................................................................................    22
<u>CERTIFICATE OF SERVICE</u>............................................................    23
<u>CERTIFICATE OF COMPLIANCE</u> ..................................................    24

<u>TABLE OF AUTHORITIES</u>

**<u>SUPREME COURT CASES</u>:**

<u>Crane v. Kentucky,</u>  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13
476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986)

<u>California v. Trombetta,</u>  . . . . . . . . . . . . . . . . . . . . . . . . . . .    13
467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984)

<u>Michigan v. Lucas,</u>  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13
500 U.S. 145, 149, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991).

<u>United States v. Scheffer,</u> . . . . . . . . . . . . . . . . . . . . . . . . . .    13
523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998)

<u>Taylor v. Illinois,</u>  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13
484 U.S. 400, 410, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988)

<u>Rock v. Arkansas,</u>  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14
483 U.S. 44, 56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)

<u>Clark v. Arizona,</u>  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14
548 U.S. 735, 770, 126 S.Ct. 2709, 165 L.Ed.2d 842 (2006)

<u>Daubert v. Merrell Dow Pharm., Inc.,</u>  . . . . . . . . . . . . . . . .    17
509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)

**<u>CIRCUIT COURT CASES</u>:**

<u>United States v. Litzky,</u>  . . . . . . . . . . . . . . . . . . . . . . . . . . .    6, 14, 16
18 F.4th 1296 (11th Cir. 2021)

<u>United States v. Sarras,</u>  . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6
575 F.3d 1191(11th Cir. 2009)

<u>United States v. Jernigan,</u>  . . . . . . . . . . . . . . . . . . . . . . . . . .    6
341 F.3d 1273 (11th Cir. 2003)

United States v. Stahlman, . . . . . . . . . . . . . . . . . . . . . . . . . . .  *Passim*
934 F.3d 1199 (11th Cir. 2019)

United States v. Augustin, . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 14
661 F.3d 1105 (11th Cir. 2011)

* United States v. Hite, . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10, 17, 21
769 F.3d 1154 (D.C. Cir. 2014)

* United States v. Gillis, . . . . . . . . . . . . . . . . . . . . . . . . . . . .  *Passim*
938 F.3d 1181 (11th Cir. 2019)

United States v. Vega-Castillo, . . . . . . . . . . . . . . . . . . . . . . .  12
540 F.3d 1235 (11th Cir. 2008)

United States v. Nunez, . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13
1 F.4th 976 (11th Cir. 2021)

United States v. Lee, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15
603 F.3d 904 (11th Cir. 2010).

United States v. Bates, . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16
960 F.3d 1278 (11th Cir. 2020)

United States v. Toll, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16
804 F.3d 1344 (11th Cir. 2015).

Knight v. Dugger, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18
863 F.2d 705 (11th Cir. 1988)

United States v. Gladish, . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18, 21
536 F.3d 646 (7th Cir. 2008)

United States v. Troya, . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20
733 F.3d 1125 (11th Cir. 2013)

United States v. Elkins, . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20
885 F.2d 775 (11th Cir. 1989)

<u>United States v. Simon,</u>  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21
964 F.2d 1082 (11th Cir. 1992)


**<u>STATUTORY PROVISIONS</u>**:

18 U.S.C. §2422(b)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  *Passim*

18 U.S.C. § 17(a)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

**<u>FEDERAL RULES</u>**

Federal Rules of Evidence, Rule 704(b)  . . . . . . . . . . . . . . . . . . .  *Passim*

Federal Rules of Evidence, Rule 403   . . . . . . . . . . . . . . . . . . . .  *Passim*

Federal Rules of Evidence, Rule 404(b)  . . . . . . . . . . . . . . . . . . .  11, 21

Federal Rules of Evidence, Rule 701    . . . . . . . . . . . . . . . . . . .   16

Federal Rules of Appellate Procedure, Rule 32  . . . . . . . . . . . . . .   23

## STATEMENT OF JURISDICTION

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

A.     The United States District Court for the Northern District of Georgia has jurisdiction over the indictment filed in that district. 18 U.S.C. § 3231.

B.     This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and F.R.A.P. § 4(b).  This is an appeal from a final judgment and conviction from the U.S. District Court for the Northern District of Georgia.

## <u>STATEMENT OF THE ISSUES</u>

I.    THE DISTRICT COURT COMMITTED HARMFUL ERROR BY EXCLUDING EXPERT TESTIMONY THAT WAS RELEVANT TO THE *MENS REA* ELEMENT OF THE OFFENSE CHARGED.

## <u>STATEMENT OF THE CASE</u>

(i)    <u>Course of Proceedings</u>:

Joshua Herrera was initially brought before the district court by way of a complaint filed January 17, 2020.  (Doc. # 1).  On February 12, 2020, Mr. Herrera was indicted and charged with one count of using the means interstate commerce to coerce or entice a child for sexual activity in violation of 18 U.S.C. §2422(b). (Doc. # 10).

Prior to trial Mr. Herrera, through counsel, filed a notice of intent to use an expert.  (Doc. # 105).  The parties briefed the admissibility of the proffered testimony of Dr. Tyler T. Whitney.  (Doc. # 104, 106, 1089-110).  On March 20, 2023, the Honorable Steven D. Grimberg issued a written order that allowed the testimony of Dr. Whitney in part and excluded a portion of his proffered testimony.  (Doc. # 111).

On March 27-30, 2023, Mr. Herrera was tried before a jury in the Northern District of Georgia.    (Doc. # 122, 124-126).  On March 30, 2023, the jury found Mr. Herrera of the crime charged. (Doc. # 127).

On October 26, 2023, Mr. Herrera was sentenced to 235 months imprisonment and supervised release for life.  (Doc. # 146, 147).  A notice of appeal was timely

filed on November 8, 2023.  (Doc. # 148).  Joshua Herrera is currently in custody at FCI McDowell.  This appeal follows.


      (ii)   <u>Statement of Facts</u>:

This case involved a sting operation designed to catch people that use computer chat rooms to facilitate sex with underaged children.   FBI Special Agent Megan Perry posted an advertisement/listing on fetlife.com hoping to attract people that have a sexual interest in children.  (Doc. # 142, p. 397-398).  Her username was "Daughterlover_11." (Doc. # 142, p. 399).  The listing was entitled "no limits fun" and sought "like minded people." (Doc. # 142, p. 400).   Anyone interested should contact her on "Kik," which is a messenger app where people can message and share pictures.  (Doc. # 142, p. 401).

SA Perry testified that she normally gets between 15-50 responses to such a post. (Doc. # 142, p. 402).  She then engages in a funneling process to see who of the responders has a genuine sexual interest in children.  (Doc. # 142, p. 403).  Joshua Herrera engaged in several chats with Daughterlover_11. (Doc. # 142, p. 404-405). The initial chat was

> Daughterlover_11: Hey! How are you? I'm looking for something taboo with my daughter that I realize isn't for everyone, any age limits?"

> Herrera: "Not particularly. What is it? And I'm doing
> great," "What's the thing you want to do?"

(Doc. # 142, p. 406). SA Perry asks if he is into "young" and after back and forth

on how young is "young," she reveals that her fictional daughter was 11 years old.

(Doc. # 142, p. 407-408). Mr. Herrera responded "Cool, where are you?" (Doc. #

142, p. 408).

Mr. Herrera inquired if Daughterlover_11 was law enforcement and SA Perry

denied that she was. (Doc. # 142, p. 409). Mr. Herrera confirmed that he was also

not in law enforcement. (Doc. # 142, p. 410). The messages then went into specifics

of what Daughterlover_11 wanted for her daughter sexually and what Mr. Herrera

suggested he would do with her daughter. (Doc. # 142, p. 412-420).

Mr. Herrera suggested that they meet, and they discussed the specifics for the

meeting. (Doc. # 142, p. 421-422). Daughterlover_11 and Mr. Herrera then

discussed the ground rules for meeting, safe sex, and what he should bring. (Doc. #

142, p. 425-427). Daughterlover_11 suggested that Mr. Herrera should bring any

test results he might have for sexually transmitted diseases and a condom. (Doc. #

142, p. 427).

They agreed to meet at 3:30 at a local Waffle House. (Doc. # 142, p. 428-

429). Mr. Herrera arrived at the Waffle House, drove around the parking lot, and

was arrested by law enforcement. (Doc. # 142, p. 367, 370). Mr. Herrera made a

custodial statement during which he asserted that he was going to report the mother to law enforcement but did not have enough information. (Doc. # 142, p. 437, 439). He told police that he had deleted Kik from his phone, but when the phone was searched Kik was still on the phone. (Doc. # 142, p. 437, 448). Mr. Herrera had the results from an STD test in his browser. (Doc. # 142, p. 450). Additionally, authorities found 30 pages of child erotica/pornography on his phone. (Doc. # 142, p. 451-459). No condom was found. (Doc. # 142, p. 468).

The defense called Dr. Tyler Whitney as an expert in clinical psychology and autism spectrum disorder. (Doc. # 143, p. 511). Dr. Whitney opined that Mr. Herrera was autistic and as a result stress can diminish his ability to communicate with others. (Doc. # 143, p. 532-535). Mr. Herrera's autism causes him to distrust others and not understand social ques. (Doc. # 143, p. 539-540). As a result, people like Mr. Herrera tend to try and solve problems by themselves and only see problems in black or white. (Doc. # 143, p. 518).

Mr. Herrera testified on his own behalf that he went to the Waffle House because he believed that a child was in danger of being molested with the help of her mother. (Doc. # 143, p. 586-587). He did not call the police beforehand because in his experience the police rarely do the right thing the first time. (Doc. # 143, p. 587).

4

Mr. Herrera told the jury about having an abusive stepfather and two instances of domestic violence against him and his mother. (Doc. # 143, p. 589-590; 643). The police did nothing about this domestic abuse. (Doc. # 143, p. 589, 592; 645-646). In his experience law enforcement only acts when you can show them the evidence of a crime. (Doc. # 143, p. 592).

Mr. Herrera acknowledged having a Fetlife account and messaging people on Kik, because his sex life with his girlfriend of several years had gotten stale. (Doc. # 143, p. 592-594; 638). He responded to SA Perry's post because he was bored. (Doc. # 143, p. 596). When the post said "young" he believed they were talking about an 18-20 year old. (Doc. # 143, p. 597). When Daughterlover_11 said the child was 11 years old, he said cool because he did not know what else to say. (Doc. # 143, p. 598). He did not believe this post was real, but if it was, he wanted to catch them. (Doc. # 143, p. 598). His plan was to seem authentic to Daughterlover_11 and then if the mother and daughter were there, he was going to call 911 and turn over his phone to police with the evidence of what she wanted to be done to her daughter. (Doc. # 143, p. 600-601, 611).

He was not interested children sexually as he had always dated women older than himself. (Doc. # 143, p. 598). He did not intend on having sex with this 11-year-old girl. (Doc. # 143, p. 603).

Additional facts will be incorporated as needed.

(iii) <u>Standard of Review</u>:

Whether the exclusion of evidence violated a constitutional guarantee is a legal question reviewed *de novo*.  <u>United States v. Litzky</u>, 18 F.4th 1296, 1302 (11th Cir. 2021); <u>United States v. Sarras</u>, 575 F.3d 1191, 1209 n. 24 (11th Cir. 2009). The admission of evidence generally is left to the sound discretion of the district court.  <u>United States v. Jernigan</u>, 341 F.3d 1273 (11th Cir. 2003).

## <u>SUMMARY OF ARGUMENT</u>

The District Court committed clear error by excluding a portion of Dr. Tyler Whitney's testimony and other evidence that Mr. Herrera did not have a sexual interest in children.  This exclusion prevented Mr. Herrera from presenting his defense that he lacked the requisite *mens rea* for the crime charged.  Contrary to the District Court's decision, the proffered evidence did not go to the ultimate issue of whether Mr. Herrera had the intent to commit this crime. The psychiatric evidence would allow the jury to infer a lack of intent and would not have confused the jury with some kind of legally impermissible justification or excuse.  Not only did the Court exclude expert testimony on this issue, but when lay witnesses offered testimony on this point the District Court sustained the Government's objection.

## ARGUMENT AND CITATION OF AUTHORITY

II.    THE DISTRICT COURT COMMITTED HARMFUL ERROR BY
       EXCLUDING EXPERT TESTIMONY THAT WAS RELEVANT TO
       THE *MENS REA* ELEMENT OF THE OFFENSE CHARGED.

The District Court committed harmful error by excluding all evidence that Mr.
Herrera did not have a sexual interest in children generally. Specifically, the Court
excluded a portion of Dr. Tyler Whitney's testimony and other lay witness evidence
that Mr. Herrera did not have a sexual interest in children.  This exclusion prevented
Mr. Herrera from presenting his defense that he lacked the requisite *mens rea* for the
crime charged.  Contrary to the District Court's decision, the proffered evidence did
not go to the ultimate issue of whether Mr. Herrera had the intent to commit this
crime. In this case, the psychiatric evidence would allow the jury to infer a lack of
intent and would not have confused the jury with some kind of legally impermissible
justification or excuse. The District Court further erred by finding that this evidence
was not relevant. This exclusion was particularly harmful because the Government
repeatedly offered evidence that it believed demonstrated that Mr. Herrera was
interested in children sexually.  The exclusion of the evidence was harmful error that
requires his conviction and sentence be set aside.

Prior to trial Mr. Herrera, through counsel, filed a notice of intent to use an
expert. (Doc. # 105).  The parties briefed the admissibility of the proffered testimony

of Dr. Tyler T. Whitney.  (Doc. # 104, 106, 108-110).  On March 20, 2023, the

Honorable Steven D. Grimberg issued a written order that allowed the testimony of

Dr. Whitney in part and excluded a portion of his proffered testimony.  (Doc. # 111).

The relevant portion of that order reads as follows:

> **B. Whitney's proffered testimony that Herrera's**
> **psychosexual assessment showed no indications that**
> **he has a sexual interest in children is excluded.**
>
> Herrera also plans to have Whitney testify to his finding
> that Herrera's psychosexual assessment showed no
> indications that he has a sexual interest in children. The
> Court concludes that under Eleventh Circuit precedent,
> this opinion qualifies as inadmissible ultimate opinion
> testimony under Fed. R. Evid. 704(b). Additionally, even
> if this testimony were admissible under Rule 704(b), its
> probative value is substantially outweighed by the danger
> of unfair prejudice and is excluded under Fed. R. Evid.
> 403.
>
> Rule 704(b) prohibits experts in criminal cases from
> offering opinions about whether the defendant did or did
> not have a mental state or condition that constitutes an
> element of the crime charged. "An expert may, consistent
> with Rule 704(b), give testimony 'that supports an
> obvious inference with respect to the defendant's state of
> mind if that testimony does not actually state an opinion
> on  [the] ultimate issue, and instead leaves this inference
> for the jury to draw.'" *United States v. Stahlman*, 934
> F.3d 1199, 1220 (11th Cir. 2019) (quoting *United States
> v. Augustin*, 661 F.3d 1105, 1123 (11th Cir. 2011)).
>
> The Eleventh Circuit opinion in *United States v. Gillis* is
> on point with the issue presented. There, like here, the
> defendant was charged with attempting to knowingly
> induce or entice a minor to engage in sexual activity, in

violation of 18 U.S.C. § 2422(b). 938 F.3d 1181, 1195 (11th Cir. 2019). The district court excluded the expert's proffered opinion that the defendant was not sexually attracted to prepubescent girls. According to the district court, this opinion was nothing more than a "thinly veiled attempt" by the defense to offer an expert's opinion on the ultimate issue of intent. The Eleventh Circuit found no clear error in the district court's ruling, finding that allowing such testimony would have prevented the jury from drawing its own inference and "veered into the impermissible territory of offering an opinion on [the defendant's] mental state." *Id*.

While there is arguably conflicting case law, 20 the Court follows *Gillis* here. Herrera makes a strong argument that testimony regarding his lack of interest in children is not directly opining on his intent for the crime with which he is charged and, therefore, the jurors can still draw their own inference. Again, the line here is thin. But faced with this factually (nearly) identical precedent, the Court follows *Gillis* and excludes Whitney's testimony regarding Herrera's psychosexual analysis on the grounds that it offers an opinion on an ultimate issue.

The Government is on stronger ground with its Rule 403 argument. The fact that Herrera's assessment showed no indication of sexual attraction to children has very little probative value to the questions the jury must resolve. It provides no context for Herrera's specific intent in this case—his general inclinations and proclivities (or lack thereof) will not help a jury make a determination as to whether he had the requisite intent *here*. The potential prejudicial impact, on the other hand, is substantial and undue; it could confuse the issues and mislead the jury by causing it to conflate Herrera's general propensity to commit sexual crimes against children with his specific intent to commit the crime with which he is charged in this case. Accordingly, in addition to excluding Whitney's opinion regarding Herrera's psychosexual

assessment under Rule 704(b), it is also excluded under Rule 403, as the potential prejudicial effect substantially outweighs any probative value. In fact, the Court concludes that Rules 403 alone is a sufficient and independent basis to exclude Whitney's proffered testimony in this regard.

20 In *United States v. Hite*, 769 F.3d 1154, 1169 (D.C. Cir. 2014), the D.C. Circuit held that the issue of sexual attraction to children is generally relevant to the element of intent in enticement cases. In *United States v. Stahlman*, 934 F.3d 1199, 1220 (11th Cir. 2019)*,* the same year it issued the *Gillis* opinion, the Eleventh Circuit credited the reasoning in *Hite,* noting that expert testimony that a defendant had not been diagnosed with any psychiatric condition associated with sexual attraction to children *did not* amount to an opinion on the defendant's intent nor violate 704(b). Under the facts presented here, Undersigned is unable to meaningfully square the dicta in *Stahlman* with the holding in *Gillis*.

(Doc. # 111, p. 11-14).

At trial the Government repeatedly solicited evidence that Mr. Herrera was a person with interest in children sexually. SA Perry described the crimes against children unit she worked in as follows:

We deal with cases involving the sexual exploitation of children so child pornography cases such as possession, distribution, production of child pornography. We do enticement of minor cases, travel with the intent to engage in sex with minors. We work sex trafficking, sometimes labor trafficking, if it involves a minor, and we also investigate kidnappings of minors.

(Doc. # 142, p. 396).  More specifically she described her work as "proactive undercover work as a means to try to identify individuals who have a sexual interest in children before they have the opportunity to come in contact with an actual child. (Doc. # 142, p. 397).  She later described the investigative process as funneling down "to see if it's someone who truly has a sexual interest in children or maybe someone who didn't understand what the post meant."  (Doc. # 142, p. 402-403).

The Government also offered FRE 404(b) evidence that his phone had pictures of child erotica and child pornography.  (Doc. # 142, p. 452-459).

During the Defense case Mr. Herrera called Dr. Tyler Whitney as an expert witness and he was allowed to testify how Mr. Herrera's autism may have affected his decision-making process. He was not allowed to discuss anything outside of the district court's pretrial order.  (Doc. # 143, p. 541-542).  Additionally, the Government objected during the testimony Mr. Herrera's former girlfriend regarding their sex life.  (Doc. # 143, p. 635).  Defense counsel argued it went to the issue his interest in children and the District Court sustained the Government's objection. (Doc. # 143, p. 635).

During the Government's opening statement counsel made the following statement to the jury.

> This case came about because of an FBI undercover
> operation to catch child predators to identify people who
> were prepared to have sex with children.

(Doc. # 142, p. 352).  That theme was echoed during the Government closing

argument in discussing the child porn found on his phone.

> Over 30 composite images like what we showed you
> were found on Mr. Herrera's phone. Let me be clear. Mr.
> Herrera is not charged with possessing child pornography
> in this case but **this evidence is important because it
> reflects back on what his intent was. As the Court
> instructed you, those images were shown to you to
> help you determine if Mr. Herrera had the state of
> mind necessary to commit this crime. The images on
> the phone show Mr. Herrera's sexual interest in
> children and he wanted to have sex with the 11-year-
> old child, that's why Mr. Herrera went to the Waffle
> House that day.**

(Doc. # 144, p. 689)(emphasis added).  The Government continued the theme that

Mr. Herrera had the intent to have sex with the 11-year-old child during its rebuttal

argument.  (Doc. # 144, p. 714-715).

    The District Court felt bound by this Court's decision in <u>United States v.</u>

<u>Gillis</u>, 938 F.3d 1181 (11th Cir. 2019), but <u>Gillis</u>[1] is distinguishable. Even the

---

[1] Mr. Herrera acknowledges this Court's prior precedent rule that requires this
panel to be bound to follow the binding precedent of this Court unless and until it
is overruled by this Court sitting en banc or the Supreme Court. <u>United States v.</u>
<u>Vega-Castillo</u>, 540 F.3d 1235, 1236 (11th Cir. 2008). "The prior panel precedent
rule applies regardless of whether the later panel believes the prior panel's opinion
to be correct, and there is no exception to the rule where the prior panel failed to

District Court acknowledged that it could not "square" what it considered *dicta* in this Court's decision in <u>United States v. Stahlman</u>, 934 F.3d 1199, 1220 (11th Cir. 2019) with the holding of <u>Gillis</u>.  The facts sought to be elicited by the defense were of a different nature than in <u>Gillis</u> and were also excluded on additional legal basis no present in this case.

Our Constitution "guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" <u>Crane v. Kentucky</u> , 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (quoting <u>California v. Trombetta</u> , 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984) ); <u>United States v. Nunez</u>, 1 F.4th 976, 991 (11th Cir. 2021). Mr. Herrera acknowledges that the right to present a complete defense is not absolute. <u>Michigan v. Lucas</u> , 500 U.S. 145, 149, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991). "[F]ederal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." <u>United States v. Scheffer</u>, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) ; see <u>Taylor v. Illinois</u> , 484 U.S. 400, 410, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) ("The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence."). Federal Rules "do not abridge an accused's right to present a defense

_____

consider arguments raised before a later panel." <u>United States v. Gillis</u>, 938 F.3d 1181, 1198 (11th Cir. 2019)

so long as they are not 'arbitrary' or 'disproportionate to the purposes they are

designed to serve.'" <u>Scheffer</u> , 523 U.S. at 308, 118 S.Ct. 1261 (quoting <u>Rock v.</u>

<u>Arkansas</u>, 483 U.S. 44, 56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) ). In other words,

"the right to introduce relevant evidence can be curtailed if there is a good reason

for doing that." <u>Clark v. Arizona</u>, 548 U.S. 735, 770, 126 S.Ct. 2709, 165 L.Ed.2d

842 (2006); <u>United States v. Litzky</u>, 18 F.4th 1296, 1302 (11th Cir. 2021).

  The District Court initially based the exclusion of this evidence on Rule

704(b) of the Federal Rules of Evidence.  That Rule provides that:

> Rule 704. Opinion on an Ultimate Issue
>
> **(a) In General — Not Automatically Objectionable.** An opinion is not objectionable just because it embraces an ultimate issue.
>
> **(b) Exception.** In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.

To put it plainly, "an expert may not opine on the defendant's intent." <u>United</u>

<u>States v. Augustin</u>, 661 F.3d 1105, 1123 (11th Cir. 2011); <u>United States v. Gillis</u>.

However, an expert does not violate 704(b) by giving testimony "that supports an

obvious inference with respect to the defendant's state of mind if that testimony

does not actually state an opinion on [the] ultimate issue, and instead leaves this

inference for the jury to draw." Id.  That is the nature of  the proffered testimony

was in this case. Dr. Whitney and Mr. Herrera's girlfriend were not offering testimony that he did not have the requisite intent when he took a substantial step towards committing this offense. Rather, they would have offered testimony that Mr. Herrera did not show any sexual interest in children. 18 U.S.C. § 2422(b) prohibits:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, ... knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

The elements of a §2422 count include that the defendant "(1) had the specific intent to induce a minor to engage in sexual activity, and (2) took a substantial step toward the commission of that offense." United States v. Gillis, 938 F.3d at 1190; United States v. Lee, 603 F.3d 904, 913-14 (11th Cir. 2010). The proffered evidence does not go to the ultimate issue of intent, but rather leaves an inference for the jury to draw regarding whether he had the specific intent to induce a minor to engage in sexual activity. Dr. Whitney and Mr. Herrera's girlfriend were not offering evidence that when Mr. Herrera was sending the messages seeking to induce the minor that he lacked the intent to do so. Rather,

their testimony would have been generally Mr. Herrera did not demonstrate to them an sexual interest in children.

Further, Mr. Herrera was not claiming a lack of intent because of a mental disease or defect that would trigger the Insanity Defense Reform Act (IDRA). 18 U.S.C. § 17(a)[2]. Rather the defense sought Dr. Whitney to testify only that "Herrera's psychosexual assessment showed no indications that he has a sexual interest in children of either gender." (Doc. # 111, p. 3; Doc. # 109, p.3-4).  Instead of arguing he had some disease or defect, he was proffering that he did not suffer from any disease or defect other than his autism spectrum disorder.  This Court has held "that "psychiatric evidence is still admissible where it negates the *mens rea* of a specific intent crime." United States v. Litzky,  18 F.4th at 1303; United States v. Bates , 960 F.3d 1278, 1288 (11th Cir. 2020).  This evidence should not have been excluded under Rule 704(b).

Additionally, the testimony of Mr. Herrera's girlfriend should not have been barred by Rule 704(b) as she was not tendered as an expert witness.  Her testimony should have been governed by FRE 701 as it was based upon her perception of Mr. Herrera.  United States v. Toll, 804 F.3d 1344, 1354-55 (11th Circuit 2015).

---

[2] It is an affirmative defense to a criminal charge "that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of [her] acts."

16

United States v. Gillis relied upon by the District Court, is distinguishable. Gillis was charged with violating 18 U.S.C. § 2422(b) among other crimes. United States v. Gillis, 938 F.3d at 1181. The report of Dr. Susan Sullivan, a clinical psychologist, was not part of the record on appeal, and as best this Court could discern, Dr. Sullivan would testify as to his "psychosexual makeup and sexual development." Id at 1192. That testimony was initially excluded by the district court in that case under Rule 702 of the Federal Rules of Evidence and the principles of Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589–97, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Id at 1192-1193. This Court found that the district court in Gillis did not abuse its discretion in excluding Dr. Sullivan's testimony under Rule 702 and Daubert. Id at 1194. The District Court in this case did not exclude the testimony on these grounds. In addition to not being reliable expert testimony, the scope of Dr. Sullivan's testimony appeared to be, at least potentially, far broader than what was proffered in this case.

This Court in United States v. Stahlman, 934 F.3d 1199, 1220-21 (11th Cir. 2019), distinguished arguments made by Mr. Stahlman based upon the DC Circuit's decision in United States v. Hite, 769 F.3d 1154 (D.C. Cir. 2014). This Court noted that the DC Circuit did not decide Hite under DRE 704(b), but rather was excluded under FRCRP 16. United States v. Stahlman, 934 F.3d at 1221. Ultimately this

17

Court upheld the district court's exclusion under FRE 704(b) as the proffered testimony "went beyond general testimony" and directly opined that Stahlman intended to act out an online fantasy and did not intend to have sex with a minor. <u>Id</u>. Again, the nature of the proffered testimony of Dr. Whitney was general in nature and did not directly relate to Mr. Herrera's acts involved in this case.

In <u>Gillis</u> this Court required that to show he was deprived of his constitutional right to present a defense; Mr. Herrera must demonstrate a compelling reason for making an exception to the expert witness rules in the case to allow the testimony. <u>United States v. Gillis</u>, 938 F.3d at 1195 *See also* <u>Knight v. Dugger</u>, 863 F.2d 705, 729 (11th Cir. 1988) (explaining that a conviction may be reversed based on the exclusion of evidence where there is either a clear error by the trial court in its evidentiary rulings or "compelling reasons for exceptions" to the rules of evidence). In this case there was clear error by the District Court in excluding the proffered expert and lay witness testimony. <u>United States v. Hite</u>, 769 F.3d 1154, 1169-70 (D.C. Cir. 2014) (admitting expert testimony that defendant had not been diagnosed with a condition making him attracted to minors); <u>United States v. Gladish</u>, 536 F.3d 646, 650-51 (7th Cir. 2008) (admitting expert report and testimony that defendant was unlikely to have sex with a minor for attempted enticement charge).

The Proffered Evidence Was Relevant

The District Court alternatively found that the proffered evidence was not

relevant and should be excluded un FRE 403.  Specifically, the District Court held:

> The Government is on stronger ground with its Rule 403
> argument. The fact that Herrera's assessment showed no
> indication of sexual attraction to children has very little
> probative value to the questions the jury must resolve. It
> provides no context for Herrera's specific intent in this
> case—his general inclinations and proclivities (or lack
> thereof) will not help a jury make a determination as to
> whether he had the requisite intent *here*. The potential
> prejudicial impact, on the other hand, is substantial and
> undue; it could confuse the issues and mislead the jury by
> causing it to conflate Herrera's general propensity to
> commit sexual crimes against children with his specific
> intent to commit the crime with which he is charged in
> this case. Accordingly, in addition to excluding
> Whitney's opinion regarding Herrera's psychosexual
> assessment under Rule 704(b), it is also excluded under
> Rule 403, as the potential prejudicial effect substantially
> outweighs any probative value. In fact, the Court
> concludes that Rules 403 alone is a sufficient and
> independent basis to exclude Whitney's proffered
> testimony in this regard.

(Doc. #111, p. 13-14).  As this Court is aware FRE 403 provides:

> The court may exclude relevant evidence if its probative
> value is substantially outweighed by a danger of one or
> more of the following: unfair prejudice, confusing the
> issues, misleading the jury, undue delay, wasting time, or
> needlessly presenting cumulative evidence.

Exclusion under FRE 403 should be used sparingly because it allows a court to exclude relevant evidence. United States v. Troya, 733 F.3d 1125 (11th Cir. 2013). On appeal this Court should look at the evidence in a light most favorable to its admission, maximizing the probative value and minimizing the prejudicial effect. United States v. Elkins, 885 F.2d 775 (11th Cir. 1989). This Court's review of the district court's decision must be highly deferential because it is uniquely situated. United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003). In this case the District Court abused its discretion in excluding this relevant evidence on this basis.

Respectfully, the District Court's decision ignores the trained elephant paraded in the courtroom by the Government. The idea that Mr. Herrera was interested in children sexually was a central theme of the Government during opening statements, the presentation of evidence, and closing arguments. There may be detached logic that the required specific intent for § 2422(b) does not involve propensity to be interested in children sexually, but the reality of these kinds of cases is that the Government paints the defendant as a predator. Once there is evidence introduced that points to the defendant as a child predator it is difficult for any rational person to not hold that against the defendant. The proffered evidence was incredibly relevant to the questions before the jury and was central to the defense. A documented child sex predator that claims he was rescuing a child is delusional.

A person that does not have a general interest in children sexually claiming that he was rescuing a child is more plausible.  Contrary to the District Court's findings this evidence provides context from which a jury should have been able to consider the defense presented and  charge against Mr. Herrera. No matter how thin the pancake there are always two sides, and Mr. Herrera was prevented from presenting his side. *Compare* United States v. Hite, 769 F.3d 1154, 1169-70 (D.C. Cir. 2014) (admitting expert testimony that defendant had not been diagnosed with a condition making him attracted to minors); United States v. Gladish, 536 F.3d 646, 650-51 (7th Cir. 2008) (admitting expert report and testimony that defendant was unlikely to have sex with a minor for attempted enticement charge).

There is no chance that the jury could be confused by the proffered testimony. The District Court gave extensive instructions on the applicable law and "a jury is presumed to follow jury instructions.'" United States v. Simon, 964 F.2d 1082, 1087 (11th Cir. 1992).  The Government's case was clear and based upon the messages sent and the actions of Mr. Herrera.    But the Government's case did not stop with simply the elements of this offense.  They introduced 404(b) evidence of child porn and painted Mr. Herrera with the child predator brush at every turn.  The proffered evidence that Mr. Herrera did not have a general sexual interest in children would have at least tamed the elephant in the courtroom to perform only the tricks relevant

to this case. In this case however, the elephant was let loose and trampled all over the defense. Accordingly, his conviction and sentence should be set aside, and a new trial ordered.

## Conclusion

Mr. Herrera submits that he has demonstrated clear error on the part of the District Court by excluding his expert and lay witness testimony that he did not have an interest in children sexually. This evidence did not violate FRE 704(b) because it did not go to the ultimate issue of Mr. Herrera committing the crime charged. Additionally, this evidence should not have been excluded pursuant to FRE 403 as it was limited and there was no chance of confusion. For all of the foregoing reasons Joshua Herrera asks this Court to set aside his convictions and sentences and order a new trial.

Respectfully submitted this 15th day of February, 2024.

Respectfully submitted,

/S/ *Adam M. Hames*
ADAM M. HAMES
Georgia State Bar Number: 320498
The Hames Law Firm, LLC
511 East Paces Ferry Road NE
Atlanta, Georgia 30305
(404)842-9577
Attorney for Joshua Herrera

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing Brief of

Appellant upon:

>Jesika French, A.U.S.A.
>Lawrence Sommerfeld, A.U.S.A.
>United States Attorney's Office
>75 Spring Street S.W.
>Suite 600
>Atlanta, Georgia 30303

by depositing a copy of the same in the United States mail with proper postage

affixed thereto to ensure delivery of the same and through the electronic filing

system of this Court.

Respectfully submitted this 15th day of February, 2024.

>/S/ *Adam M. Hames*
>ADAM M. HAMES
>Georgia State Bar Number: 320498
>The Hames Law Firm, LLC
>511 East Paces Ferry Road, N.E.
>Atlanta, GA 30305
>(404) 842-9577

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1.      This brief complies with the type-volume limitation of Fed.R.App.P.

32(a)(7)(B) because this brief contains 5,720 words, excluding the parts of the

brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii)

2.      This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5)

and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has

been prepared in a proportionally spaced typeface using Microsoft Word in 12

point Courier New.

Respectfully submitted this 15th day of February, 2024.


/s/ *Adam M. Hames* _____
ADAM M. HAMES
Georgia State Bar Number: 320498
The Hames Law Firm, LLC
511 East Paces Ferry Road, N.E.
Atlanta, GA 30305
(404) 842-9577
Attorney for Joshua Herrera